**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ZACHARY COLLINS
        Plaintiff,

v.

TRANSUNION LLC,
EQUIFAX INFORMATION SERVICES
LLC,
     AND
EXPERIAN LLC
        Defendant(s)

) Case No. 8:17-CV-02230-AG(KESx)
)
)
)
)
)
)
)
)
)
)
)
)

(JURY DEMAND ENDORSED HEREIN)

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF**

**RECORD:**

Now comes Plaintiff, ZACHARY COLLINS,  for his Complaint against Defendants, TransUnion

LLC, Equifax Information Services LLC, and Experian LLC, states as follows:


**INTRODUCTION**


1. The computerization of our society has resulted in a revolutionary increase in the accumulation and

processing of data concerning individual American citizens. Data technology, whether it is used by

businesses, banks, the Internal Revenue Service or other institutions, allows information concerning

individual consumers to flow instantaneously to requesting parties. Such timely information is

intended to lead to faster and better decision-making by its recipients, and all of society should

ultimately benefit from the resulting convenience and efficiency.

2. Unfortunately, however, this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can sustain substantial damage, both emotionally and economically, whenever inaccurate or fraudulent information is disseminated and/or obtained about them. In fact, Defendant Equifax Information Services, LLC acknowledges this potential for misuse and resulting damage every time it solicits its credit monitoring service to a consumer.

3. The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

4. These CRAs sell to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers and similar interested parties) information, commonly called "consumer reports," concerning individuals who may be applying for retail credit, for the lease of an apartment, for a car or mortgage loan, for employment or the like.

5. Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private and financial information that they compile and sell about individual consumers.

6. One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system: The banking system is

dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. See 15 U.S.C. § 1681(a)(1).

7. The preservation of one's good name is also at the heart of the FCRA's purposes: [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. * * * [A]s Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed (emphasis added). Bryant v. TRW, Inc., 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 Cong. Rec. 36570 (1970)].

8. To further the primary goal of greater accuracy, the FCRA has also required CRAs, as well as "furnishers" of credit information to the CRAs, to conduct "reasonable investigations" into bona fide disputes sent to CRAs by consumers claiming to have inaccurate or incomplete information appearing in their credit files, to correct or update any such errors or omissions, and to report back to the consumer the results of the investigation.

9. This action seeks compensatory, statutory, and punitive damages, and costs for Plaintiff, Zachary Collins ("Mr. Collins" or "Plaintiff"), against TransUnion LLC, Equifax Information Services LLC, and Experian LLC, for their willful and/or negligent violations of the Fair Credit Reporting Act, as described herein.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681p. Venue in this judicial district is proper because Plaintiff resides in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district. PARTIES

11. Plaintiff, Zachary Collins ("Plaintiff" or "Mr .Collins"), is an adult individual presently residing in Orange, California. Plaintiff is a "consumer" as defined in Section 1681a(c) of the FCRA.

12. Defendant, Trans Union LLC is a Georgia based limited liability company doing business throughout the country and in the State of California. Trans Union is a "consumer reporting agency" as defined in Section 1681a(f) the FCRA.

13. Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company doing business throughout the country and in the State of California. Equifax is a "consumer reporting agency" as defined in Section 1681a(f) the FCRA. Equifax is one of the largest CRAs in the world.

- 4 -

14. Defendant, Exparian LLC is a California headquartered limited liability company doing business throughout the country and in the State of California. Experian LLC is a "consumer reporting agency" as defined in Section 1681a(f) the FCRA.

## FACTUAL ALLEGATIONS

15. Plaintiff takes great pride in his good name and established credit rating, so he works hard to ensure that his bills are paid in-full and on-time every month. As such, Plaintiff believes and understands that his credit record with all of his creditors is excellent.

16. In August 2016 Plaintiff Collins, while shopping for a new vehicle, discovered that his identity had been compromised and numerous credit applications had been filed in his name from 2011 through present day.

17. Numerous bank accounts were opened in Plaintiff Collin's name.

18. Plaintiff Collins filed an identity theft police report in 2016 with the City of Orange Police Department, and furnished a copy to each of the Credit Reporting Agencies listed above as Defendant(s).

19. Plaintiff Collins filed an Identity Theft Report with the FTC, and furnished a copy to each of the Credit Reporting Agencies listed above as Defendant(s).

20. Plaintiff Collins immediately began to dispute each of the unrecognized, fraudulent accounts and inquiries to his credit to each Defendant several times through 2016 through present causing a great deal of mental stress and financial burden.

21. Defendant's unilaterally refused to make adjustments and delete items that were incorrect from Plaintiff Collins' credit report stating that the accounts were valid and authorized by Plaintiff Collins, but cited no evidence despite the written demands.

22. In December 2017, Plaintiff Collins sent the latest batch of dispute letters and investigation requests to the Defendant's (United States Postal Service certified overnight mail) citing each account that was fraudulent and advised them of his desire to file a Federal Civil Claim under the FCRA if the unauthorized information was not removed from his credit profile.

23. Plaintiff is left to question how and why he is supposed to prove that these fraudulent items on his credit report are not his. You cannot prove something that never existed.

24. In light of what has transpired, Mr. Collins has justifiably avoided applying for additional credit until the inaccurate information is ultimately corrected on his credit report.

25. As of today, Plaintiff remains unable to obtain credit because of the inaccurate credit data being reported by the Defendant(s).

26. Absent litigation, Plaintiff believes he will forever be harmed by the lack of procedures the Defendant(s) have in place to assure the maximum possible accuracy of Plaintiff's credit report.

COUNT ONE VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 e (b), 15 U.S.C. § 1681 i (a)(1) and 15 U.S.C. § 1681 s-2(b)(1)

27. Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

28. A "consumer reporting agency" is defined by the FCRA as follows: [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

30. TransUnion is a "consumer reporting agency" as defined by the FCRA.

    Equifax is a "consumer reporting agency" as defined by the FCRA.

    Experian is a "consumer reporting agency" as defined by the FCRA.

31. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). 51. On numerous

occasions, Defendant(s) have prepared a patently false consumer report concerning Plaintiff.

32. On each such instance, Defendant(s) willfully and/or negligently failed to follow reasonable

procedures to assure maximum possible accuracy of the consumer reports it prepared and/or

published pertaining to Plaintiff, in violation of Section 1681e(b).

33. Plaintiff is not currently free to take advantage of various credit opportunities available to other

consumers because of the Defendant(s) failure to report only accurate information about him.

34. As a direct and proximate result of the Defendant(s) willful and/or negligent refusal to follow

reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the

FCRA, Plaintiff has suffered loss and damage including, but not limited to: economic loss due to

denial of housing, loss of opportunity to obtain credit, damage to reputation, expenditure of

considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment,

entitling him to an award of actual damages in amounts to be proved at trial, plus the costs of this

action pursuant to 15 U.S.C. § 1681o. 59. Upon information and belief, the Defendant(s) have each

been sued on multiple occasions over the past ten (10) years for falsely reporting misinformation and

fraudulent information on consumer's credit profiles.

35. Upon information and belief, the Defendant(s) have exhibited a pattern of refusing to follow

reasonable procedures as mandated by the FCRA, ultimately valuing its own bottom line above its

"grave responsibility" to report accurate data on consumers.

36. Trans Union's, Equifax's, and Experian's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

## Defendant(s) Failure To Conduct Reasonable Reinvestigations

37. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation.

38. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

39. On multiple occasions in 2016 and 2017, Mr. Collins has initiated disputes with Trans Union, Equifax, and Experian requesting that they correct and/or delete a specific item in his credit file that is patently inaccurate, misleading and highly damaging to him.

40. Plaintiff specifically advised the Defendant(s) on numerous occasions that fraud had been committed, a mistake had been made, provided all necessary information to the Defendant(s) to support same, and requested the trade line be corrected accordingly, i.e., any fraudulent accounts or inquiries to be deleted.

41. Defendant(s) conducted no investigation of Mr. Collins' disputes, or such "investigations" were so shoddy as to allow objectively false and highly damaging information to remain in Mr. Collins' credit file.

42. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1) with respect to each dispute lodged by Plaintiff.

43. As a direct and proximate result of the Defendant(s) repeated disregard for each of Plaintiff's disputes as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

44. As a direct and proximate result of the Defendant(s) willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: economic loss due to denial of housing, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus the costs of this action pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff, Zachary Collins, respectfully prays this Court for the following relief:

A) Actual damages in an amount to be proved at trial;

B) Punitive damages as provided for by 15 U.S.C. § 1681n(2);

C) Statutory damages as provided for by 15 U.S.C. § 1681n(2);

D) Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. § 1681o(2); and

E) Such other and further relief as this Court deems just and proper.

Dated this **21** day of December, 2017.

Respectfully submitted,

Zachary Collins

385 S Manchester Ave
Unit 4052
Orange, CA 92868

(714) 464-9129

Plaintiff Pro Se

1

2

**JURY DEMAND**

3      Plaintiff respectfully demands a trial by jury on all issues so triable in this case.

4   Dated this **21** day of December, 2017.

5

6

7   Respectfully submitted,

8

9

10   Zachary Collins

11   385 S Manchester Ave
12   Unit 4052
     Orange, CA 92868
13
     (714) 464-9129
14

15   Plaintiff Pro Se

16

17

18

19

20

21

22

23

24

25

26

27

28